On appeal to the Full Commission defendants' only assignment of error related to the issue of whether N.C. Gen. Stat. § 97-2(19) was correctly applied by the Deputy Commissioner and whether the Deputy Commissioner correctly applied Hyler v. GTE ProductsCo., 333 N.C. 258, 425 S.E.2d 698 (1993) in awarding plaintiff lifetime replacement prosthetic devices.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence AFFIRMS IN PART and MODIFIES IN PART the Opinion and Award of the Deputy Commissioner as follows.
***********
 RULINGS ON EVIDENTIARY MATTERS
1. All objections raised by counsel in the depositions are ruled upon in accordance with applicable law and the Opinion and Award in this case.
2. Dr. Ritter's 19 December 1996 office note is received into evidence.
3. The Form 21 Agreement approved by the Industrial Commission on 27 September 1993 and the Amended Form 21 Agreement approved by the Industrial Commission on 7 April 1997 constitute awards of the Industrial Commission and are therefore part of the record.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. This case is subject to the North Carolina Workers' Compensation Act and there was an employment relationship between the plaintiff and defendant-employer.
2. The date of the injury was 22 July 1993.
3. Plaintiff's average weekly wage at the time of the injury was $374.18. His compensation rate is $249.45.
4. Pursuant to a signed Form 21 Agreement for Compensation for Disability, defendants have paid plaintiff compensation at the rate of $242.67 per week from 23 July 1993 to the present.
***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the admittedly compensable injury by accident, plaintiff was an eighteen-year old high school graduate who planned to attend Appalachian State University in the fall. He was employed with defendant-employer for the summer. His father had worked for defendant-employer for approximately twenty-two years.
2. As a result of the 22 July 1993 injury by accident, plaintiff suffered the amputation of his right arm. After extensive medical treatment and two surgeries, plaintiff has attempted to use several different prosthetic devices. At the time of the hearing before the Deputy Commissioner, plaintiff was wearing a purely cosmetic prosthetic right arm. Plaintiff also developed left shoulder tendinopathy problems which are admittedly causally related to the injury of 22 July 1993. Also as a result of the 22 July 1993 injury by accident, plaintiff has suffered mild to moderate emotional problems for which he did not request treatment until after the hearing before the Deputy Commissioner.
3. After the injury by accident, plaintiff attended Appalachian as a full-time student and was expected to receive his four-year degree in May 1998.
4. Although plaintiff's arm was amputated well above the elbow, Dr. Ritter gave plaintiff a permanent partial disability rating of ninety percent of the right arm due to plaintiff's "excellent soft tissue coverage and functional shoulder girdle muscles". Without other evidence of a disability rating to the contrary, the Full Commission finds that plaintiff sustained a ninety percent permanent partial disability to his right arm as a result of the injury by accident. Plaintiff will need to be provided a reasonably functional prosthetic right arm and future repair and replacement of his prosthetic arm throughout his life.
5. As testified by Dr. Speer, plaintiff reached maximum medical improvement with regard to his left shoulder problems by 1 January 1997, with a five percent permanent partial impairment to his left shoulder. There is no evidence of record regarding any disability pursuant to N.C. Gen. Stat. §§ 97-31(13); Dr. Speer rated plaintiff's left shoulder instead of his arm.
6. There is insufficient and incomplete evidence of record to determine whether plaintiff has reached maximum medical improvement with regard to any psychological problems. Also, plaintiff has not been provided a reasonably functional "original artificial member" (arm). Thus, plaintiff has not reached maximum medical improvement with regard to the injuries he sustained in the 22 July 1993 injury by accident.
7. There is insufficient evidence of record to establish that there are suitable jobs available for plaintiff, that he is capable of getting a suitable job or that he is otherwise capable of earning the same or similar wages with defendant-employer or in any employment. Thus, as a result of the compensable injury by accident, plaintiff remains incapable of earning his pre-injury wages with defendant-employer or in any employment.
***********
Based on the foregoing findings of fact and stipulations, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Pursuant to the Form 21 presumption of continuing disability, plaintiff continues to be totally disabled as a result of the 22 July 1993 injury by accident and is entitled to continuing total disability payments at the rate of $249.45 per week. N.C. Gen. Stat. § 97-29.
2. As a result of the 22 July 1993 injury by accident, plaintiff suffered psychological injury and is entitled to medical treatment to the extent such treatment may reasonably be required to effect a cure or give relief or tend to lessen the period of disability. N.C. Gen. Stat. §§ 97-25, 97-2(19).
3. Plaintiff is entitled to compensation for past and future medical treatment relating to his injury by accident, which is reasonably necessary to effect a cure, provide relief and/or lessen his disability. N.C. Gen. Stat. § 97-25.
4. Plaintiff has not reached maximum medical improvement on all of his compensable injuries and plaintiff has not been provided with a reasonably functional original artificial member as required by N.C. Gen. Stat. § 97-25.
5. The question of whether N.C. Gen. Stat. § 97-2(19) (1991 version) applies to this claim and precludes an award of future replacement of artificial members need not be decided at this time as plaintiff has not reached the end of his healing period and has not been provided an "original" artificial member which is reasonably functional enough to lessen his disability arising from his compensable injury. N.C. Gen. Stat. § 97-25 and N.C. Gen. Stat. § 97-2(19).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall continue to pay total disability compensation to plaintiff at the rate of $249.45 per week until further order of the Industrial Commission.
2. Defendants shall pay for all past and future medical treatment as is reasonably required for plaintiff's admittedly compensable injuries, including treatment for psychological problems. Defendants shall also provide plaintiff with such "original artificial member" (prosthetic arm) as is recommended by Dr. Kevin Speer, plaintiff's authorized physician. Plaintiff's entitlement to lifetime repair and replacement of prosthetic devices is RESERVED for subsequent determination after plaintiff has been provided a reasonably functional "original" prosthetic arm and he reaches maximum medical improvement.
3. The issue of plaintiff's entitlement to permanent partial disability compensation and the election of benefits is deferred pending presentation of additional evidence at another hearing if the parties cannot agree. In that case, either party may file a Form 33 directly with the Full Commission who will schedule a hearing.
4. Defendants shall pay the costs of this action.
IT IS FURTHER ORDERED pursuant to defendants' 24 April 1998 motion, that defendants shall select a medical provider for plaintiff's psychological care and that plaintiff shall cooperate with said medical care provider pending further order of the Industrial Commission, and
IT IS FURTHER ORDERED that plaintiff shall submit to an independent medical evaluation and a functional capacity evaluation of his left arm by a physician of defendants' choosing.
The Full Commission retains jurisdiction over this case.
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
J. Howard Bunn participated in the Full Commission's review hearing, but retired prior to decision in this case.